STEPHEN H. SACHS
ATTORNEY GENERAL

ELEANOR M. CAREY
DEPUTY ATTORNEY GENERAL

CHARLES O. MONK, II
DEPUTY ATTORNEY GENERAL

DENNIS M. SWEENEY
DEPUTY ATTORNEY GENERAL

OFFICES OF



ROBERT A. ZARNOCH
ASSISTANT ATTORNEY GENERAL
COUNSEL TO THE GENERAL ASSEMBLY

RICHARD E. ISRAEL
ASSISTANT ATTORNEY GENERAL

LINDA H. LAMONE
ASSISTANT ATTORNEY GENERAL

# THE ATTORNEY GENERAL

104 LEGISLATIVE SERVICES BUILDING
90 STATE CIRCLE
ANNAPOLIS, MARYLAND 21401-1991
AREA CODE 301
BALTIMORE & LOCAL CALLING AREA 841-3889
WASHINGTON METROPOLITAN AREA 858-3889
TTY FOR DEAF - ANNAPOLIS 841-3814 - D.C. METRO 858-3814

May 23, 1985

The Honorable Harry Hughes
Governor of Maryland
State House
Annapolis, Maryland 21401

Re: House Bill 176
Senate Bill 88

Dear Governor Hughes:

We have reviewed and hereby approve for constitutionality and legal sufficiency House Bill 176 and Senate Bill 88. [1] While we approve the bills, we wish to address some interpretive problems the raise and their relationship to existing law.

House Bill 176 and Senate Bill 88 pre-empt the right of local subdivisions of the State to regulate the purchase, sale, taxation, transfer, manufacture, repair, ownership, possession, and transportation of handguns, shotguns, rifles, and ammunition and components for those weapons. The words "handgun", "shotgun", and "rifle" are defined by reference to Art. 27, §36F, the definitional section of the handgun subtitle. Section 2 of the bill provides that it does not "affect or repeal any local ordinance in effect as of January 1, 1985." In addition, the bill permits local regulation of the purchase, sale, transfer, ownership, possession, and transportation (but not taxation,

_____

[1] Senate Bill 88 is almost identical to House Bill 176, except that §364(b)(2) refers to "activities on or within 100 years of parks..." while that section in House Bill 176 refers to "activities in or within...." In addition, there are minor differences in the purpose paragraph and preamble.

manufacture, or repair) of the affected weapons (1) with respect to minors, (2) in areas around places of public assembly, and (3) with respect to local law enforcement personnel. Local jurisdictions retain the power to regulate discharge of the affected weapons. Finally, the law provides that:

> "To the extent that local laws or regulations do not create an inconsistency with the provisions of this section or expand existing regulatory control, any county, municipal corporation, or special taxing district may exercise its existing authority to amend any local laws or regulations that exist before January 1, 1985."

The language of this subsection could be read to say that existing law may be amended if the law is not inconsistent with this section and does not expand existing regulatory control. However, it would seem that no existing law would "expand existing regulatory control," while all laws subject to this subsection are inconsistent with the section, and exist only because of the operation of Section 2. Thus, if the subsection is to allow any amendments, it must be interpreted to permit amendments (new "local laws and regulations") to those laws saved by Section 2 if the amendment is not inconsistent with the section and does not expand existing regulatory control This interpretation finds some support in the legislative history. 2/

Another question raised by the bills concerns which bills are saved by Section 2 and may be amended under §364(c). Since presumably only laws which are saved from pre-emption may be amended under subsection (c), "existing before January 1, 1985" cannot be read more broadly than "existing as of January 1, 1985," and thus should not be read to reach laws which existed but were repealed prior to that date. Another facet of this question is whether "existing" refers only to valid ordinances or would cover, and thus revive, local ordinances on the books that are inoperative due to already existing State preemption statutes. In light of the general pre-emptive intent of this legislation, and the rule that statutory enactments be construed harmoniously when possible, it is our conclusion that, with the exception discussed below, only valid laws, and not those pre-empted under existing pre-emption statutes are to be treated as "existing" as that word is used in these bills.

The remaining question concerns the interaction between these bills and the existing pre-emption provisions. Chapter 13, Sec. 6, Laws of Maryland 1972 states that that chapter, which created Art. 27, §36B-F, supersedes all local regulations on the wearing, carrying, or transporting of handguns, and pre-empts the

---

2 See memo from Ben Bialek to Bonnie Kirkland, describing the suggested provision, and the first draft of Senate Bill 88 (51r0356).

right of the local jurisdictions to regulate in the area. That pre-emption extends to ammunition as well. Montgomery County v. Atlantic Guns, Inc., ___ Md. ___, (Sept. Term. 1983, No. 157, April 3, 1985). In addition, the right of local jurisdictions to regulate the sale, transfer, and possession of pistols and revolvers has been pre-empted (and prior regulations superseded) by Art. 27, §§442 and 445. "Pistol or revolver" is defined as "any firearm with barrel less than twelve inches in length, including signal, starter, and blank pistols," Art. 27, §441(c). This definition includes most handguns, but not shotguns or rifles. Thus, to the extent that new §36H(a)(1) pre-empts regulation of the purchase, sale, transfer, possession, and transportation of handguns, it is duplicative of existing law. However, the new section would allow some regulations which are pre-empted by earlier enactments.

It is well settled that where two statutes deal with the same subject matter and are not inconsistent with each other, they must be harmonized to the extent possible -- notwithstanding the fact that the statutes may have been enacted at different times with no reference to each other. Of course, to the extent the provisions of the two statutes are irreconcilable, the later statute governs. Carroll Co. Educ. Ass'n. v. Bd. of Education, 294 Md. 144, 152 (1982). It is equally well settled that a specific provision controls over a general provision on the same subject matter. Baltimore Nat. Bank v. State Tax Commission, 297 U.S. 209, 215 (1936); Montgomery County v. Lindsay, 50 Md.App 675, 678-79 (1982). Under either principle, the new authority to regulate in specific ways would control over the older broad pre-emption. This raises the issue of whether local ordinances on the books which are inoperative because of the action of the older sections but which cover areas not pre-empted by the new law are now revived.

It has been held that where a state statute is invalid because in conflict with federal legislation, the state statute is merely unenforceable or suspended by the existence of federal legislation, and consequently the repeal of the federal statute reinstates or revives the state law without an express re-enactment by the state legislature. Home Utilities Co. v. Revere, 209 Md. 610, 619 (1956). It has also been held that a provision of a city or county charter that is otherwise valid, but inoperative because of a conflict with public general law, would become operative if the conflict were eliminated by the repeal of the public general law. Wilson v. Board of Supervisors of Elections, 273 Md. 296, 302 (1974). In our view, this situation should be treated in the same way and those pre-empted

provisions which are now permissible should be treated as revived without further action by the local governments.

Very truly yours,

Stephen H. Sachs
Attorney General

SHS:KMR:mar

cc:   Ben Bialek, Esq.
      F. Carvel Payne
      Hon. Lorraine Sheehan
      Hon. Lewis R. Riley
      Deborah H. Chasanow, Esq.